UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| MARK ZASTROW, *et al*, § | |
| § | |
| Plaintiffs, § | |
| VS. § | CIVIL ACTION NO. 4:13-CV-574 |
| § | |
| HOUSTON AUTO IMPORTS GREENWAY § | |
| LTD; dba MERCEDES-BENZ OF HOUSTON § | |
| GREENWAY, *et al*, § | |
| § | |
| Defendants. § | |

**MEMORANDUM OPINION AND ORDER**

**I.      INTRODUCTION**

Pending before the Court are the defendants', Johnson, DeLuca, Kurisky & Gould, P.C. ("JDKG") and George A. Kurisky, Jr. (collectively, the "Attorney Defendants") and Houston Auto M. Imports, Ltd. d/b/a Mercedes-Benz of Houston Greenway ("Mercedes Greenway"), motions for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure (Docket Nos. 94 and 95). The plaintiffs, Mark Zastrow and Heights Autohaus, have replied (Docket Nos. 98 and 99) and the defendants have responded (Docket Nos. 105 and 106). Having reviewed the parties' submissions, the record and the applicable law, the Court grants both motions for summary judgment in their entirety.

**II.     FACTUAL BACKGROUND**

The relevant facts are largely undisputed. Mark Zastrow is the majority shareholder of Z-Z Interests, Inc., which operates under the assumed name "Heights Autohaus." Heights Autohaus performs service repairs on a variety of automobiles, including Mercedes-Benz vehicles. Prior to the events giving rise to this litigation, Heights Autohaus often purchased parts from Mercedes Greenway.

In September 2012, Zastrow was retained to conduct an inspection on a 2006 Mercedes Benz CLK (the "Vehicle") that Mercedes Greenway had sold to Jesse C. Howard and JoAnn Jefferson-Howard (collectively, the "Howards"). The Howards were suing Mercedes Greenway in connection with their purchase of the vehicle. Reginald E. McKamie, Sr. represented the Howards and is also representing the plaintiffs in this matter. The Attorney Defendants represented Mercedes Greenway. The causes of action in that complaint included claims of racial discrimination, violation of the Texas Deceptive Trade Practices Act, negligence, breach of contract, and breach of warranty. The case was eventually submitted to arbitration.

Zastrow inspected the Vehicle and was scheduled to give deposition testimony concerning his findings on January 8, 2013. The day prior to his scheduled deposition, Zastrow received a phone call from Mercedes Greenway. Zastrow claims that Mercedes Greenway told him things would go badly for him if he testified. Nevertheless, Zastrow appeared for his deposition and testified about his inspection of the Vehicle and gave his opinions regarding the repairs that had been performed on it. The day after he was deposed, Zastrow received another call from Mercedes Greenway and was informed that the company would no longer sell parts to him.

The following week, the final arbitration hearing was conducted for the Howards' claim. It began on January 14 and concluded on January 17. Zastrow did not testify during the arbitration hearing and was unaware it was even taking place. On January 14, the Attorney Defendants sent a letter to Zastrow on behalf of its client, Mercedes Greenway, formally informing him that the company was terminating its business relationship with him.

Less than a week after the hearing concluded, McKamie sent the Arbitrator a Notice of Retaliation Against Witness in Discrimination Suit and Intent to Sue (the "Notice"). The Notice

referenced some the previously discussed correspondence between Mercedes Greenway and Zastrow. On February 27, 2013, the Arbitrator issued the Award of Arbitrator, and shortly thereafter the plaintiffs filed this suit.

The plaintiffs assert the following causes of actions against the defendants: (1) conspiracy in violation of 18 U.S.C. § 1503; (2) engagement in a pattern of racketeering in violation of 18 U.S.C. § 1962(c); and (3) retaliation in violation of the Civil Rights Act of 1866, Title VII of the Civil Rights Act of 1964, and 42 U.S.C. §§ 1981 and 1982. The defendants seek summary judgment on all claims.

### III. STANDARD OF REVIEW

Rule 56 of the Federal Rules of Civil Procedure authorizes summary judgment against a party who fails to make a sufficient showing of the existence of an element essential to the party's case and on which that party bears the burden at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Little v. Liquid Air Corp.,* 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc). The movant bears the initial burden of "informing the Court of the basis of its motion" and identifying those portions of the record "which it believes demonstrate the absence of a genuine issue of material fact." *Celotex*, 477 U.S. at 323; *see also Martinez v. Schlumber*, *Ltd.*, 338 F.3d 407, 411 (5th Cir. 2003). Summary judgment is appropriate where "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c).

If the movant meets its burden, the burden then shifts to the nonmovant to "go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial." *Stults v. Conoco, Inc.*, 76 F.3d 651, 656 (5th Cir. 1996) (quoting *Tubacex*, *Inc. v. M/V Risan*, 45 F.3d 951,

954 (5th Cir. 1995); *Little*, 37 F.3d at 1075). "To meet this burden, the nonmovant must 'identify specific evidence in the record and articulate the 'precise manner' in which that evidence support[s] [its] claim[s].'" *Id.* (quoting *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir.), *cert. denied*, 513 U.S. 871 (1994)). It may not satisfy its burden "with some metaphysical doubt as to the material facts, by conclusory allegations, by unsubstantiated assertions, or by only a scintilla of evidence." *Little*, 37 F.3d at 1075 (internal quotation marks and citations omitted). Instead, it "must set forth specific facts showing the existence of a 'genuine' issue concerning every essential component of its case." *American Eagle Airlines, Inc. v. Air Line Pilots Ass'n, Intern.*, 343 F.3d 401, 405 (5th Cir. 2003) (citing *Morris v. Covan World Wide Moving, Inc.,* 144 F.3d 377, 380 (5th Cir. 1998)).

"A fact is material only if its resolution would affect the outcome of the action . . . and an issue is genuine only 'if the evidence is sufficient for a reasonable jury to return a verdict for the [nonmovant].'" *Wiley v. State Farm Fire and Cas. Co.*, 585 F.3d 206, 210 (5th Cir. 2009) (internal citations omitted). When determining whether a genuine issue of material fact has been established, a reviewing court is required to construe "all facts and inferences . . . in the light most favorable to the [nonmovant]." *Boudreaux v. Swift Transp. Co., Inc.*, 402 F.3d 536, 540 (5th Cir. 2005) (citing *Armstrong v. Am. Home Shield Corp.*, 333 F.3d 566, 568 (5th Cir. 2003)). Likewise, all "factual controversies [are to be resolved] in favor of the [nonmovant], but only where there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts." *Boudreaux*, 402 F.3d at 540 (citing *Little*, 37 F.3d at 1075 (emphasis omitted)). Nonetheless, a reviewing court is not permitted to "weigh the evidence or evaluate the credibility of witnesses." *Boudreaux*, 402 F.3d at 540 (quoting *Morris*, 144 F.3d at 380). Thus, "[t]he appropriate inquiry [on summary judgment] is 'whether the evidence presents a sufficient

disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" *Septimus v. Univ. of Hous.*, 399 F.3d 601, 609 (5th Cir. 2005) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52, (1986)).

## IV.     ANALYSIS AND DISCUSSION

### A.     Conspiracy and 18 U.S.C. § 1503 Claims

The plaintiffs allege that the defendants conspired to engage in unlawful acts of obstruction and impeding or influencing the due administration of justice in violation of 18 U.S.C. § 1503. The plaintiffs' cause of action fails for two reasons.

First, section 1503 is a criminal statute that does not provide a private right of action. *See Hanna v. Home Ins. Co.*, 281 F.2d 298, 303 (5th Cir. 1960) (holding that various sections of Title 18 U.S.C., including section 1503, are "criminal in nature and provide no civil remedies"). "It is well established that criminal statutes do not provide a basis for liability in a civil action such as this one." *Thornton v. Merchant*, 2011 WL 147929, *13 (S.D. Tex. Jan. 18, 2011) (Atlas, J.) (citing *Hanna*, 281 F.2d at 303).

Second, the plaintiffs have not properly alleged a conspiracy. It is axiomatic that a combination of two or more persons is required to form a conspiracy. *See Chon Tri v. J.T.T.*, 162 S.W.3d 552, 556 (Tex. 2005). It is equally well-settled that an agent cannot conspire with its principal. *See Bradford v. Vento*, 48 S.W.3d 749, 761 (Tex. 2001). An attorney or law firm performing traditional legal services for a client is acting as an agent of the client. *See In re George*, 28 S.W.3d 511, 516 (Tex. 2000). As such, the Court grants the defendants summary judgment on these claims.

## B. RICO Claim

Any person injured in his business or property by reason of a violation of 18 U.S.C. § 1962(c) can bring a civil cause of action. 18 U.S.C. § 1964(c). To prove a violation of section 1962(c), a plaintiff must establish three elements: "(1) a person[1] who engages in (2) a pattern of racketeering activity[2] (3) connected to the acquisition, establishment, conduct, or control of an enterprise[3]." *St. Paul Mercury Ins. Co. v. Williamson*, 224 F.3d 425, 439 (5th Cir. 2000) (quoting *Delta Truck & Tractor, Inc. v. J.I. Case Co.*, 855 F.2d 241, 242 (5th Cir. 1988)) (emphasis omitted, footnotes added). The person who engages in the racketeering activity must be distinct from the enterprise, and the enterprise must be distinct from the series of predicate acts that constitute the racketeering activity. *Id.*

The plaintiffs' RICO claim fails because they have neither alleged an enterprise nor presented facts demonstrating the existence of an enterprise. A "necessary requirement to a RICO claim is the proper allegation by the [p]laintiff of the existence of an enterprise." *Manax v. McNamara*, 660 F. Supp. 657, 662 (W.D. Tex. 1987) (citing 18 U.S.C. § 1962(c)); *see also Sedima, S.P.R.L. v. Imrex Co., Inc.*, 473 U.S. 479, 496 (1985). The plaintiffs did not allege the existence of an enterprise in their complaint (Docket No. 1, ¶ 15). In fact, the plaintiffs have not identified a RICO enterprise in any document filed with the Court in connection with this litigation.[4] That deficiency is fatal to the plaintiffs' RICO claim.

---

[1] A "person" is an individual or entity capable of holding a legal or beneficial interest in property. *See Whelan v. Winchester Production Co.*, 319 F.3d 225, 229 n.3 (5th Cir. 2003).

[2] "Racketeering activity" is any of the predicate acts defined in 18 U.S.C. § 1961(1), which includes actions relating to obstruction of justice.

[3] An "enterprise" is "a group of persons or entities associating together for the common purpose of engaging in a course of conduct." *Whalen*, 319 F.3d at 229 (citing *United States v. Turkette*, 425 U.S. 576, 583 (1981)).

[4] The Court does not imply that alleging the RICO enterprise in a filing other than the complaint would have cured this defect.

### C. 42 U.S.C. §§ 1981 and 1982 Claims

The plaintiffs allege that the defendants retaliated against them in violation of 42 U.S.C. §§ 1981 and 1982. The defendants argue that Zastrow has not properly stated a claim under either statute because he did not come forward to complain about a violation of the Howards' rights under the acts and he did not testify in support of the Howards' discrimination claims. The plaintiffs did not respond to this argument.

Section 1981, which prohibits racial discrimination in making and enforcing contracts, also prohibits retaliation. *CBOCS West, Inc. v. Humphries*, 553 U.S. 442, 457 (2008). Section 1982 similarly prohibits racial discrimination and retaliation, but focuses on rights related to the acquisition and ownership of property. *Id.* at 452. The statutes are interpreted similarly because of their shared language, history and purposes. *Id.* at 448.

In *Humphries*, the Court held that a cause of action exists for "an individual (black or white) who suffers retaliation because he has tried to help a different individual, suffering direct racial discrimination, secure his § 1981 rights." *Id.* In this case, however, Zastrow admits that when he was deposed for the Howards' arbitration, he only provided technical, expert testimony about the Vehicle. He gave no testimony in support of their claim of racial discrimination. In fact, prior to the deposition, Zastrow had no knowledge of any specific instances of racial discrimination against the Howards by Mercedes Greenway. Because Zastrow was not helping the Howards "secure [their] § 1981 [or § 1982] rights," his claim of retaliation is not cognizable under either statute. *Id.*

### D. Title VII Retaliation Claim

Title VII's anti-retaliation provision prohibits an employer from "discriminat[ing] against" an employee for opposing an unlawful practice or asserting a charge, testifying,

assisting, or participating in a Title VII proceeding or investigation. *Burlington Northern*, 548 U.S. at 59 (citing 42 U.S.C. § 2000e-3(a)); *see also Fabela v. Socorro Indep. Sch. Dist.*, 329 F.3d 409, 414 (5th Cir. 2003). It is undisputed that Zastrow was not employed by any of the defendants when he participated in the Howards' purported Title VII proceeding. Accordingly, no action can be maintained under Title VII.

## V. CONCLUSION

Based on the foregoing discussion, the Court GRANTS the defendants' motions for summary judgment.

**It is so ORDERED.**

SIGNED on this 6th day of May, 2014.

_____
Kenneth M. Hoyt
United States District Judge